———o———

## No. 5787.

## CHAS. KREHER vs. ALBERT E. PERRIN, ET ALS.

## Syllabus.

Issues of fact only are involved herein.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 97,750. Hon. T. C. W. Ellis, Judge.

E. M. Robert, for plaintiff and appellee.

Clifford E. Hays, for defendant and appellant.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

This is an appeal from a judgment in a **concursus** proceeding in favor of an owner and against the surety on the bond of a contractor on a contract to erect a garage.

When, soon after the work was begun, the concrete roof of the building fell in, the contractor abandoned the work, the owner, after putting him and his surety in default, advertised for bids for the completion of the building and he now seeks to recover from them the amount disbursed by him.

The defenses presented in this Court by the only appellant, the surety, suggest his discharge for the following reasons:

1st. That there was a change in the personel of the contract without the consent of the surety.

2nd. That there was a change in the amount of the payments fixed by the contract.

3rd. That there was an extension of time beyond the limit of the contract.

4th. That there was a change in the plans originally agreed on by the owner and contractor.

There is no dispute as to the law of the case and our present task does not go beyond applying such law to the facts here presented.

The first charge is that, between March 22nd and April 1st, Kreher employed Barnes, a civil engineer, to supervise the work and materials in the construction of the building.

Barnes was thus employed after the roof had fallen and he reported to Kreher that the contractor was not complying with his contract.

He says he did not interfere with the workmen or superintend any work but simply advised his employer; the latter corroborates his statements.

It is true that, in a letter of April 4th, 1911, counsel for Kreher erroneously referred to Barnes as "Superintendent to supervise the work and material in the construction of the building." But this cannot avail against the positive testimony to the contrary, particularly when the error was corrected by another letter dated four days afterwards.

We do not find that the defendant was induced by any of the matters complained of to do or to refrain from doing anything, so as to afford any basis for an equitable estoppel.

The second complaint is equally unfounded. A letter of date March 15th, 1911, to Kreher from Gregory Brothers, local agents of the surety company, shows that they were consulted and agreed to the payment.

It is as follows:

> "This will authorize your paying Albert J. Perrin the sum of $725, out of the $1925, which will be due under your contract and will leave a balance of $1200 still due."

No payment has been made since that time, the contractor having abandoned the work.

We do not find evidence sufficient to sustain the charges that there was an agreed prolongation of time or any material change in the plans between the contractor and owner without the surety's consent. When the roof fell in, the defendants were put in default and the plaintiff went on as best he could; the conferences complained of as secret and without the surety's concurrence were intended to induce the contractor to do his work according to contract.

But even should we assume the partial verity of the complaint according to the present trend of jurisprudence a surety for hire or a compensated surety is not discharged by immaterial or unsubstantial variations, when the essential features of the original contract are preserved.

64 N. S. Sup. Crt. Rep., 518, 12 N. S. App. 11; 116 La., 1031, 142 S. W., 358, Reese vs. Anderson.

The appellant has not pointed out any facts sufficient to sustain his defences and we have found none.

Judgment affirmed.

Opinion and decree, May 5th, 1913.

Rehearing refused, May 19th, 1913.